IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AURORA MANALASTAS SELDNER, d/b/a AURORAS RESTAURANT & SNACK BAR,<br><br>Defendant. | NO. C10-5137 TEH<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |

This matter comes before the Court on Plaintiff's motion to alter or amend the default judgment entered by the Court on July 6, 2011. After carefully reviewing Plaintiff's written arguments, the Court concludes that oral argument is unnecessary and now VACATES the hearing scheduled for August 29, 2011. Plaintiff's motion is DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff J & J Sports Productions, Inc., is an international distributor of sports and entertainment programming. Defendant Aurora Manalastas Seldner d/b/a Aurora's Restaurant & Snack Bar has not appeared before this Court or otherwise responded. The facts of this case are set forth in this Court's July 6, 2011 order granting default judgment and will not be repeated here.

The Court awarded Plaintiff $2200 on its conversion claim, $250 for violation of 47 U.S.C. § 553, and no attorneys' fees due to lack of documentation. Plaintiff now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) based on its contentions that the Court erred by awarding damages under 47 U.S.C. § 553 rather than

§ 605, and that the Court should have, in any event, awarded greater statutory and enhanced damages. Plaintiff does not challenge the award on the conversion claim or the rejection of Plaintiff's request for attorneys' fees.

**LEGAL STANDARD**

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Only the second prong is at issue in this case, as Plaintiff does not present any newly discovered evidence and concedes that there has been no change in controlling law.[1] Clear error is not established by arguing that another court "would have decided the case differently"; instead, it requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted).

**DISCUSSION**

Plaintiff first contends that this Court incorrectly awarded damages under 47 U.S.C. § 553 rather than under § 605. As the Court explained when granting default judgment, and as Plaintiff does not dispute, "[s]ection 605 prohibits the interception of radio or satellite transmissions, whereas § 553 prohibits the interception of signals over a cable system." July 6, 2011 Order at 3. Plaintiff argues that satellite interception must be assumed because Plaintiff alleged a violation of § 605 in its complaint. However, Plaintiff concedes that it "did not submit evidence of the manner of interception, and ultimately this fact is unknown." Mot. at 4.

Plaintiff fails to consider that the complaint also alleged a violation of § 553, and that, under Plaintiff's reasoning, the Court would therefore have to assume that Defendant used

---

[1] Indeed, Plaintiff's motion cites no authority decided after this Court granted default judgment.

2

both a cable box and a satellite dish to broadcast a single simultaneous program. Plaintiff cites no authority that this Court must assume contrary allegations to be true, even after default has been entered. As another court in this district explained:

> The court is unpersuaded that Messrs. Doan and Nguyen violated both sections 553 and 605. Although the investigator, Mr. Dazhan, witnessed the fight being shown on two televisions, there is no evidence the programming was received simultaneously from both a cable signal and a satellite broadcast. In his declaration, Mr. Dazhan stated that a cable box was not visible and the restaurant did not have a satellite dish. Because of the prominent placement required for a satellite dish in comparison to the ease that a cable box can be hidden, the court finds Mr. Dazhan's testimony persuasive evidence that the programming came from a cable signal. Accordingly, the court finds Messrs. Doan and Nguyen violated section 553 but not section 605. [FN4]
>
> [FN4] To be sure, the court must accept as true the complaint's allegations upon entry of default. But J & J's complaint does not allege *how* Messrs. Doan and Nguyen aired the program, only that they did so without authorization. *See* Compl. ¶ 13.

*J & J Sports Prods., Inc. v. Doan*, No. C08-0324 RMW, 2008 WL 4911223, at *3 (N.D. Cal. Nov. 13, 2008). The only differences in this case are the names of the Defendant and investigator, and that the fight was observed on three, rather than two, televisions. By virtue of Defendant's default, Defendant is deemed to have admitted that she intercepted the program in question without authorization. Default does not, however, require this Court to assume that, where alternate theories of liability are alleged, the method of interception was the one that gives rise to greater statutory damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true." (emphasis added)).

As cited in the Court's July 6, 2011 order, several courts in this district have awarded damages under § 553 under similar circumstances. Plaintiff correctly observes that other courts in this district have awarded damages under § 605 rather than § 553. However, this establishes only that other courts might have reached a different result in this case – a showing that is insufficient to establish clear error. *Easley v. Cromartie*, 532 U.S. at 242.

3

1    The same is true of Plaintiff's argument concerning the amount of damages: Citing
2 other courts that have awarded greater damages in piracy cases fails to demonstrate clear
3 error. Given the size of Defendant's establishment, the lack of evidence concerning willful
4 conduct as detailed in this Court's July 6, 2011 order, and that this is Defendant's first
5 offense, the Court continues to find that the statutory minimum of $250 is sufficient. If
6 Defendant commits another act of piracy, then higher statutory damages, as well as enhanced
7 damages, would almost certainly be appropriate.

8    Plaintiff further argues that "a primary goal of piracy awards is deterrence," Mot. at 8,
9 and that a $250 award would be insufficient to deter piracy. Although the Court's order
10 granting default judgment did not specifically mention deterrence, the Court now finds that a
11 $250 award on top of the conversion award – which is the amount that Defendant would
12 have had to pay for a proper license – is sufficient and is likely to promote both deterrence by
13 this particular Defendant and by others. The Court agrees with another court in this district
14 that rejected Plaintiff's argument in a similar case:

> Plaintiff reasons that a larger award would be necessary to promote general deterrence, citing non-binding decisions for support. Without engaging the details of plaintiff's reasoning, this order finds that reasonable economists, reasonable jurists, and reasonable people could – and likely *would* – disagree in their predictions as to the degree of general deterrence that would result from any one judgment award of a certain amount. The possibility of reasonable disagreement does not indicate clear error, and plaintiff's disagreement with the Court about how much general deterrence would be promoted by the statutory penalty awarded falls into this category. Plaintiff does not argue that the Court's conclusion was based on a misstatement of law or fact; plaintiff simply disagrees with the reasoning and conclusion based upon them. Plaintiff has not demonstrated that clear error was committed in reaching the conclusion that the goal of general deterrence is likely served by the judgment award.

24 *J & J Sports Prods., Inc. v. Juanillo*, No. C10-1801 WHA, 2011 WL 335342, at *1 (N.D.
25 Cal. Feb. 1, 2011) (denying Rule 59(e) motion to alter judgment). The statutory award in
26 *Juanillo* was for $500, *id.*, but this Court finds that the same reasoning applies to the $250
27 award in this case.

4

**CONCLUSION**

In short, while Plaintiff may have demonstrated a difference of opinion and that other courts might have awarded higher damages in this case, it has failed to establish clear error. Plaintiff also offers neither newly discovered evidence nor any change in controlling law. Accordingly, Plaintiff's motion to alter or amend the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: 08/23/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT